IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PHILLIPS, #256 638, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:12-cv-234-WHA |
| | ) | |
| WARDEN CHERYL PRICE, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #32), entered on March 4, 2015, and Petitioner's Objection (Doc. #35), filed on April 2, 2015.

Following an independent evaluation and *de novo* review of the file in this case, the court finds as follows:

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which the Petitioner, an Alabama inmate, challenges his state court conviction of capital murder and sentence to life imprisonment without the possibility of parole. The Magistrate Judge recommended that the petition be denied, and the Petitioner has objected to that Recommendation.

Petitioner's first objection is directed to the Magistrate Judge's resolution of his claims number 1 & 9 concerning trial court error in failing to give a jury instruction on felony murder. In the Recommendation, the Magistrate Judge found that the Alabama Court of Criminal Appeals' determination that the trial judge did not err in failing to instruct the jury on felony murder as a lesser included offense, where it gave jury charges on the lesser included offenses of

1

intentional murder and robbery in the first degree, was neither contrary to, nor an unreasonable application of, Supreme Court precedent.  Petitioner attempts to use excerpts from the testimony of various State witnesses to support his contention that where the bulk of the evidence submitted at trial was circumstantial and pointed to someone other than Petitioner as having committed the crimes for which he was convicted, an instruction on felony murder was appropriate to give the jury "an alternative to draw from the theory of evidence." *Doc. No. 35* at 6. As explained in the Recommendation, the trial court instructed the jury on the lesser included non-capital offenses of intentional murder and robbery in the first degree finding the evidence supported no finding of felony murder, and the appellate court agreed, finding no evidence that the victim's murder was accidental or unintended and, therefore, determined that the trial court had not committed error in refusing to give a felony murder instruction.   The court agrees with the Magistrate Judge's finding that the state court's determination was neither contrary to, nor an unreasonable application of Supreme Court precedent.  Accordingly, Petitioner's objection to the Magistrate Judge's findings and conclusions regarding Grounds 1 and 9 is due to be overruled.

    Petitioner next objects to the Magistrate Judge's resolution of claims numbered 2, 6, & 13 regarding the  sufficiency of the evidence, trial court error in denying his motion for judgment of acquittal, and trial counsel's ineffectiveness in this regard. The Magistrate Judge found that the state appellate court reviewed the evidence in the record and rejected Petitioner's argument that the trial court erroneously denied his motion for judgment of acquittal where the evidence at trial was insufficient to support his capital murder conviction because most of the evidence against him was circumstantial and the State failed to prove he had a particularized intent to kill the victim or that he sanctioned or facilitated the killing during a robbery finding that the State presented sufficient evidence, both direct and circumstantial, that strongly suggested Petitioner

was present when the victim was robbed and killed and that Petitioner participated in the offenses. Petitioner conclusorily objects claiming no such direct or circumstantial evidence pointed to him and the only evidence of him being in the State of Alabama had him located two miles from the incident. He further argues "other evidence" reflected that State's witnesses who testified at trial possessed firearms prior to the incident and that several State's witnesses recanted their statements and gave tainted and perjured testimony.  Petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Petitioner's objection, based on the same arguments presented in his habeas petition, fail to meet his burden of proving "by clear and convincing evidence" that the state court's findings were incorrect. 28 U.S.C. § 2254(e)(1). Petitioner's objection to the conclusions in the Recommendation regarding Grounds 2 and 6 are, therefore, without merit and due to be overruled.

In Ground 13 Petitioner alleged that trial counsel performed deficiently by failing to object to the trial court's decision to deny the motion for judgment of acquittal.  The Magistrate Judge rejected relief on this claim finding that because of his determination regarding Petitioner's substantive challenge to the sufficiency of the evidence used to convict him, even if Petitioner could show that trial counsels' conduct was objectively unreasonable, he had failed to establish prejudice as he had not demonstrated that, but for counsels' alleged deficient performance, the result of his trial proceedings would have been different.  Petitioner raises no specific objection to this analysis of his ineffective assistance claim and simply reiterates that trial counsel was ineffective in failing to lodge an objection to the trial court's ruling on his request for a judgment of acquittal.  The court agrees, however, that Petitioner has not shown

that he was prejudiced by trial counsel's failure to assert a meritless objection. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim). As Plaintiff has failed to identify error in the Magistrate Judge's determination regarding Ground 13, his objection is due to be overruled.

In Ground Ten Petitioner assigned as error trial counsels' ineffectiveness in not allowing him to testify nor explaining to him his right to do so. In his objection, Petitioner challenges the Magistrate Judge's determination that he defaulted this claim. The default of this claim occurred because Petitioner failed to timely appeal his first Rule 32 petition.  The Magistrate Judge, therefore, determined that Ground Ten was defaulted and Petitioner failed to show cause to excuse the procedural default of this challenge to counsel's performance because he had not established that his underlying ineffective assistance claim was "substantial" under  *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1318-19 (2012).  Petitioner's objection to the Magistrate Judge's conclusion that Ground Ten is defaulted fails to assert any specific basis for undermining the Magistrate Judge's resolution of this claim, with which the court agrees, and it, therefore, is due to be overruled.

Petitioner objects to the Magistrate Judge's resolution of Grounds 4, 5, 11 & 12 regarding error by the trial court and trial counsel over continuances of trial in violation of the IADA. The Magistrate Judge determined that Petitioner's allegations where they were couched in terms of trial court error were defaulted and in terms of trial counsels' ineffectiveness, Petitioner had

failed to meet the *Strickland* standard. Petitioner's objection to this determination on these claims is a rehash of the arguments raised in the petition and addressed in the Recommendation. The court finds this objection to be without merit, and it is due to be overruled.

Petitioner objects to the Magistrate Judge's resolution of Ground 3, which concerned Petitioner's contention that the trial court erred in denying his challenge for cause of a prospective juror. The Magistrate Judge determined that Petitioner defaulted this claim because, although he presented it on direct appeal, he failed to present it in his petition for writ of certiorari to the Alabama Supreme Court. Citing *Strickland*, 466 U.S. 688, 694, the Magistrate Judge determined that Petitioner's assertion that appellate counsels' ineffectiveness was cause for the default of this claim was unavailing where he failed to show that had appellate counsel properly exhausted Ground Three during direct appeal proceedings, the outcome of the appeal would have been affected. Petitioner argues appellate counsels' conduct caused a "fundamental defect" and that he has more than proven that appellate counsel's conduct "fell below reasonable" entitling him to relief. *Doc. No. 35* at 18-19. Petitioner's objection fails to assert any specific basis for undermining the Magistrate Judge's determination that this allegation of trial court error is defaulted and no cause or prejudice has been shown to excuse the default. The objection is without merit, therefore, is due to be overruled.

In Grounds 7 & 14 Petitioner asserted a challenge to the trial court's failure to proposed jury instructions and trial counsels' failure to assert an objection in this regard. The Magistrate Judge determined that Petitioner's allegation of trial court error was defaulted because it was not exhausted properly in state court, and, as alleged in terms of trial counsels' ineffectiveness, Petitioner had not shown he was entitled to relief where he failed to demonstrate counsel's ineffectiveness under *Strickland*. In the objection, Petitioner argues that Supreme Court rulings

essentially trump state procedural bars and cites *James v. Kentucky*, 466 U.S. 341 (1984), contending "in a state court where the judge failed to give requested instructions, the Supreme Court reversed and held that state statute did not take precedent over constitutional law." *Doc. No. 35* at 19. To the extent Petitioner cites *James* for the proposition that the Magistrate Judge incorrectly concluded that his claim of trial court error was procedurally barred from review because not all state procedural rules are accorded deference by federal courts unless it is shown that the rule is a "firmly established and regularly followed state practice," *see Id*. at 348, the objection is without merit and is due to be overruled. The basis for Petitioner's default of Ground 7 in this court was based on his failure to exhaust properly the claim in state courts and not based on any questionable application of a state procedural rule. *See e.g. Wainwright v. Sykes,* 433 U.S. 72 (1977) (generally, federal courts need not review habeas corpus issues that were defaulted in state courts if the default constitutes an adequate and independent state ground.)

In Grounds 8 and 15 Petitioner asserted error by the trial court in failing to disqualify a potential juror who stated he knew the victim and maintained that trial counsel performed deficiently by failing to object to this alleged error. In his objection Petitioner re-argues the merits of the claims and conclusorily states the Magistrate Judge misapplied the law but he otherwise raises no specific objection to the Magistrate Judge's findings and determinations. The objection is without merit and is due to be overruled.

In Grounds 17 and 18 Petitioner assigned as error trial counsel's ineffectiveness for failing to object to the denial of a motion for new trial and for failing to object to the admission of photographic evidence. The Magistrate Judge has recommended dismissal of these allegations finding that besides a lack of specificity regarding counsels' alleged deficient performance, Petitioner failed to indicate how trial counsels' failures to object to the denial of the motion for

new trial and to object to the admission of the photographic evidence was ineffective assistance or how counsels' conduct resulted in prejudice to him. In his objection Petitioner contends he "specified in previous arguments at to multiple photographs of wounds during autopsy were admitted of victim" which is reversible error if not used for evidentiary purposes." *Doc. No 35* at 23. Petitioner's pleadings do not support his contention that he made specific arguments regarding the admission of photographic evidence. Petitioner's objections to the Magistrate Judge's resolution of Grounds 17 and 18 are without merit for the reasons explained in the Recommendation and, therefore, due to be overruled.

In Ground 19 Petitioner alleged trial court error in denying his request to file an out-of-time appeal from the denial of his first Rule 32 petition. The Magistrate Judge has recommended that habeas relief be denied on this claim which alleges a violation of state law and, therefore, entitles Petitioner to no relief in this federal habeas proceeding. Petitioner's objection is based on the same argument he made in his petition which was properly considered and rejected. The objection is without merit and, therefore, due to be overruled.

Finally, the court finds from a review of Petitioner's objections to the Magistrate Judge's resolution of: 1) Ground 20 (trial court lacked jurisdiction to impose sentence due to IADA violations); 2) the fundamental miscarriage of justice exception to excuse procedural default; and 3) his claim of actual innocence, that they are without merit for the reasons set forth in the Recommendation. These objections, therefore, are due to be overruled.

For these reasons, Petitioner's objections are OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 22nd day of April, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE